### NESBIT v GAZELL

Ohio Appeals, 2nd Dist, Montgomery Co
No 963.   Decided August 11, 1930

Mattern & Mattern, Dayton, for Nesbit.
A. H. & O. B. Scharrer, Dayton, for Gazell.

damages. We think that these incidental damages may be fairly estimated at the sum of $100.00. We believe this court has jurisdiction, under the facts developed in this case to render judgment for the amount of said damages. A judgment is, therefore, rendered for the sum of $100.00 and costs of this action.

Decree accordingly.

Kunkle, PJ, and Hornbeck, concur.

**VANDENBARK et v DICK et**

Ohio Appeals, 5th Dist, Muskingum Co
No 422. Decided August 23, 1930

John C. Bassett, Zanesville, for Vandenbark et.

L. M. Soliday, Prosecuting Attorney, Zanesville, for Dick, et.

ALLREAD, J.

The burden is upon the plaintiff to prove the facts necessary to constitute a cause of action by clear and convincing evidence. We have reached the conclusion that the proof did not amount to clear and convincing evidence upon any feature of the relief sought except that which related to the flow of excess water from the cistern. Defendant having built the cistern and provided the overflow pipes, was bound to see that the overflow pipe was sufficient and that it would carry the excess water so that it would not inconvenience or damage the plaintiff's premises. The failure to do so would amount to a cause of action in favor of plaintiff for whatever damages were caused by the failure to install as sufficient excess water pipe to carry the water to the alley in the rear of defendant's property. The fact that at the time the action was brought and for some time thereafter the defendant had constructed and maintained about three feet of the cement wall upon lands of the plaintiff and drained the excess water pipe from the cistern onto the plaintiff's land and onto the apron of the plaintiff's garage is a sufficient breach of the defendant's duty to justify a judgment for damage.

In view of the change in the location of the cement wall made during the pendency of the suit, this court would not be justified in ordering a change in the location of said cement wall. The change, however, having been made by the plaintiff during the pendency of the action, this court can only render a judgment for incidental